IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-720 |
| | § | C.A. No. C-06-254 |
| HORACIO CANALES-RAMIREZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Horacio Canales-Ramirez's ("Canales") motion to vacate, set aside or correct his sentence pursuant to § 2255, which is deemed filed as of June 12, 2006.[1] (D.E. 26).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Canales' motion because it is time-barred. Additionally, the Court DENIES Canales a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] The Clerk received Canales' motion on June 20, 2006. The motion indicates that it was signed, however, on June 12, 2006. (D.E. 26 at 7). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-04-cr-720.

## II.  FACTS AND PROCEEDINGS

On December 21, 2004, Canales was charged in a two-count indictment with: (1) knowingly and intentionally possessing with intent to distribute approximately 24 kilograms of marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) ("Count One"); and (2) being unlawfully found in the United States after being previously excluded, deported, and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 9).  On January 27, 2005, Canales pleaded guilty to both counts pursuant to a written plea agreement that waived both his right to appeal his sentence, except under certain circumstances, and his right to file any post-conviction motions challenging his conviction or his sentence.[3] (D.E. 16; D.E. 17 at ¶ 7).

On April 21, 2005, the Court sentenced Canales to 60 months in the custody of the Bureau of Prisons ("BOP"), to be followed by a three-year supervised release term on Count One, and a concurrent term of 63 months in the custody of the BOP and concurrent three-year supervised release term on Count Two.  The court also imposed a $100 special assessment on each count. (D.E. 23, 24). Judgment was entered against Canales on April 28, 2005. (D.E. 24).  Consistent with his waiver of appellate rights, Canales did not pursue a direct appeal.

Canales did not file any other post-conviction motions prior to filing his § 2255 motion on June 12, 2006. (D.E. 26).  In his motion, Canales asserts that this Court's sentencing of him violated his

---

[3] In addition to being untimely, most of the grounds raised in Canales' motion are also precluded from the Court's consideration because of his knowing and voluntary waiver of his right to file a § 2255 motion. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  One of his claims, however, arguably falls outside the waiver under Fifth Circuit jurisprudence.  Specifically, he argues that he was induced by his attorney to plead guilty by his attorney's promise that the second count of the indictment would be dismissed if he did so. (D.E. 26 at 5).  This claim might not be barred by Canales' waiver.  See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself").  Nonetheless, the Court's resolution of his motion solely on limitations grounds make it unnecessary for the Court to address the claim.

2

Fifth and Sixth Amendment rights. He appears to be arguing that the Court erred in sentencing him based on facts neither found by a jury beyond a reasonable doubt nor admitted by him, and that his sentencing violated his constitutional rights. He relies for support on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[4] He also argues that his attorney was ineffective for failing to object to a number of enhancements at sentencing, and for failing to make the Court aware of "mitigating factors" or potential "downward departures" that should have resulted in a lesser sentence. Finally, he claims that he was induced by his attorney of record to plead guilty instead of going to trial because his attorney promised him that the second count of the indictment would be dismissed. (See D.E. at 5-6; see generally D.E. 27 (supporting memorandum)).

### III. DISCUSSION

**A.   Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[5]  28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-

---

[4] For purposes of this Order, familiarity with the holdings in Booker is assumed.

[5] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Canales on May 3, 2005. (D.E. 24). The period for Canales to file a notice of appeal from the judgment against him expired ten days later. Fed. R. App. P. 4(b), excluding intermediate Saturdays, Sundays and legal holidays. Fed. R. App. P. 26. So calculated, ten days after May 3, 2005 was May 17, 2005. In this case, Canales did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on May 17, 2005. Canales' time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on May 17, 2006. Canales' motion is deemed filed as of June 12, 2005. Thus, it was filed approximately one month beyond the deadline as calculated under § 2255(1), and is untimely.

Canales claims that he "was not obligated to meet the one year limitation" period because he relies on a "new law," i.e., the Booker decision. Notably, however, Booker was decided on January 12, 2006, *prior* to both Canales' guilty plea and his sentencing. Booker, therefore, does not alter the time-period for Canales to file his § 2255 motion. Canales does not offer any other reason or argument as to why his motion should be deemed timely. Similarly, Canales does not argue for equitable tolling, nor does the record disclose any basis for equitable tolling. For all of these reasons, Canales' motion is time-barred and is DISMISSED.

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Canales has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial

4

showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Canales has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Canales is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Canales' motion under 28 U.S.C. § 2255 (D.E. 26) is DENIED.  The Court also DENIES him a Certificate of Appealability.

ORDERED this 7th day of July, 2006.

_____
Janis Graham Jack
United States District Judge